UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME WALKER | : | |
| | : | No. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| UNIVERSITY OF THE SCIENCES | : | |

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

PARTIES

2. Plaintiff Jerome Walker, suffers from a disability as defined by the ADA and resides at 911 Maple Terrace, Darby, PA 19023.

3. Defendant, University of the Sciences in Philadelphia, is a Pennsylvania Non-Profit Corporation with a registered

business address in Pennsylvania located at 600 South 43rd Street, Philadelphia, PA 19104.

4. Defendant employs more than 100 people.

5. In January 2015, plaintiff interviewed with defendant's agent Joanne (HR Representative) for a "maintenance worker" position for defendant.

6. In January 2015, plaintiff was notified that he was hired pending the results of my background check.

7. Plaintiff was informed on March 25, 2015 that he could not start working for the defendant until the results of his criminal background check were received, because "…[a]ccording to the State of Pennsylvania, all background clearances are due prior to an employee's first day of work.

8. On March 25, 2015, plaintiff was informed that his start date would be April 13, 2015 and, for that reason all forms were due immediately in order to secure the April 13, 2015 start date.

9. Defendant received all criminal background information prior to April 13, 2015, and, thus, plaintiff commenced employment with defendant as a Maintenance Person on that date.

10. Plaintiff has suffered from epilepsy since childhood for which he takes Dilantin (an anti-seizure medication).

11. Despite the administration of his medication, plaintiff still suffers periodic seizures.

12. Plaintiff's epilepsy is a disability under the ADA because it substantially limits one or more major life activities, including but not limited to cognitive functions, communication and consciousness.

13. On April 18, 2015, plaintiff had a seizure at the workplace about 1 hour into his shift as a maintenance worker for defendant.

14. An ambulance was called to the workplace and plaintiff was transported to the hospital.

15. After being released from the hospital, plaintiff returned to workplace later that day with a note releasing him back full duty on Sunday, April 19, 2015.

16. Later on April 18, 2015, plaintiff was contacted by his supervisor, Robert (shift supervisor), who told him that he should not return to the workplace until Monday, April 20, 2015, because he had to speak to Human Resources.

17. On Monday morning, April 20, 2015, before plaintiff left to go to work, Robert called plaintiff and told him to not come to work on April 20, 2015, because Human Resources now wants to talk to him on Wednesday, April 22, 2015.

18. At the meeting on April 22, 2015, Diedrick Graham (HR Representative) informed plaintiff that he was being terminated

purportedly because he did not list all of his convictions, that appeared on his criminal background report, on his application.

19. After his termination, defendant falsely claimed that it did not receive plaintiff's criminal background information until Monday, April 20, 2015, and that the decision to terminate his employment was made after defendant first saw plaintiff's criminal background information.

20. Defendant's proffered reason for my termination was false and was mere pretext to mask the true reason for my termination.

21. Defendant clearly had already decided to terminate plaintiff prior to the time defendant claims to have received plaintiff's criminal background information because plaintiff was not permitted to return to the workplace on April 19, 2015 despite that he was released to work full duty at that time, and because defendant informed plaintiff to come in for his April 22, 2015 termination meeting before the start of the workday on April 20, 2015.

22. The true reason why plaintiff was terminated was because he suffered from a disability.

23. Defendant had full access to plaintiff's criminal background information prior to April 13, 2015 because the information was accessible on line as of April 6, 2015.

24. Defendant had ample time to scrutinize plaintiff's criminal background and application prior to his start date of April 13, 2015.

25. Defendant and its agents terminated plaintiff's employment because it wrongly perceived that he suffered from a medical condition that foreclosed him from being able to work a wide range of jobs in that they regarded him as being prone to seizures at the workplace and unreliable.

26. Defendant's perceptions were untrue, because plaintiff was able to perform the essential functions of his job with or without accommodation.

27. Plaintiff sustained damages as a result of the unlawful conduct of defendant.  Plaintiff seeks lost pay, benefits, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

COUNT 1- ADA

28. Plaintiff repeats paragraphs 1-27 as if more fully set forth herein.

29. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff and by terminating his employment because he suffered from a disability.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
Signature Code: SAD2282
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033
Fax: 215-546-6269
Email: samueldion@aol.com
Attorneys for Plaintiff

Date: February 3, 2016